Submitted on briefs December 31, 1934; affirmed January 29, 1935

## STATE *v.* LOONEY ET AL.

(40 P. (2d) 735)

*Haas & Schwabe,* of Portland, for appellants.

*I. H. Van Winkle,* Attorney General, *Fred Finsley,* District Attorney, of Fossil, and *David S. Husted,* of Portland, for the State.

RAND, J.   Samuel N. Gross, a resident of Wheeler county, Oregon, died intestate on July 11, 1924, leaving in said county an estate of real and personal property. After his estate had been fully administered upon and the debts and expenses paid, there remained in the hands of the administrator for distribution the sum of $6,933.53 in money. The intestate had never married

and he left no issue surviving him. He was born in the state of Tennessee and was the illegitimate son of one Margaret Gross, who predeceased him. She had four other children born of her body besides the intestate, two of whom, like him, were illegitimate. They are the four persons who are named as defendants in this proceeding.

This proceeding was instituted pursuant to chapter 12, Title XI, Oregon Code 1930, by the filing by the district attorney in the county court of said county where said matter was then pending of a petition alleging the foregoing facts and praying that it be adjudged that the intestate had died without having any lawful heirs and that said moneys had escheated to the state. Pursuant to a citation duly issued therein, these four defendants appeared and answered the petition, setting up their said relationship with intestate and praying that they each be adjudged an heir of the intestate, and that said moneys be distributed to them as such.

There was no dispute as to any of the foregoing facts and an order was entered in the county court holding that the defendants were not the legal heirs of the intestate and that said moneys had escheated. From this ruling the defendants appealed to the circuit court and from an order of that court affirming the action of the county court they have appealed to this court.

Under the rules of the common law, a bastard was held to be nullius filius, or the son of nobody, and could be legitimated only by a special act of parliament. He was not even entitled to a name unless he had gained one by reputation, and he had no inheritable blood. He could not be an heir himself or have any heirs except those of his own body and, therefore, could not inherit from his putative father or his mother, and if he died intestate, unmarried, and without issue, his property

escheated. He could, however, take by devise if de-scribed by the name he had gained by reputation.

In many of the states these harsh rules of the common law have either been abrogated or greatly modified by statute. In this state, however, the only modification made by statute is that prescribed by sections 10-201 and 10-202, Oregon Code 1930, which provide as follows:

"An illegitimate child shall be considered an heir of its mother, and shall inherit or receive her property, real or personal, in whole or in part, as the case may be, in like manner as if such child had been born in lawful wedlock; but such child shall not be entitled to inherit or receive, as representing his mother, any property, real or personal, of the kindred, either lineal or collateral, of such mother; provided, that when the parents of such child have formally married, and lived and cohabited as husband and wife, such child shall not be regarded as illegitimate within the meaning of this act, although such formal marriage shall be adjudged to be void."

"If an illegitimate child shall die intestate, without leaving a widow, husband, or lawful issue, the property, real and personal, of such intestate shall descend to or be received by his mother; but if after the birth of an illegitimate child the parents thereof shall intermarry, such child shall be considered legitimate to all intents and purposes."

Under these statutes an illegitimate child, in this state, is allowed to inherit from its mother, and the mother to inherit from the bastard, but the bastard is not entitled to inherit "as representing his mother, any property, real or personal, of the kindred, either lineal or collateral, of such mother". Under these provisions, if the mother died intestate leaving an estate, her illegitimate child would inherit her property "in like manner as if such child had been born in lawful wedlock". Under this provision the illegitimate child could only

inherit the property with which his mother died seized or possessed. He was, therefore, not an heir of any of the ancestors of the mother, or of any of her collateral kindred, she being dead, because prohibited from becoming such from the clause of the statute next following.

■ When these two statutes are examined, it will be seen, except in the manner in which a bastard may be legitimated, that the rules of the common law have been modified only to the extent of making the mother and the child an heir of the other. To that extent the rules of the common law have been modified in this state, but it is not sufficient to entitle one bastard child, or even a legitimate child of the same mother, to inherit the estate of a bastard.

The enumeration of the rights thus created by statute making the mother and child each the heir of the other necessarily excludes any inference that these defendants could inherit the property of the intestate. To give to the statute any other construction would require the insertion of provisions which are not to be found in it.

The decisions of other states having dissimilar statutes from those of our own have been cited by counsel for the defendants. They are presented to this court in a very able brief, showing great labor and industry upon their part, and, if the court was free to follow those decisions instead of being compelled to give effect to the rigorous rules of the common law, the court would be glad to do so, but this court is powerless to do so. While we recognize the injustice arising from the law in respect to these defendants, we are bound to follow the law as it exists in this state. A discussion, therefore, of the decisions cited construing different statutes or statutes having different provisions from

those of our own, would answer no useful purpose. We are bound by our own statute and must follow it.

It is settled law in this state that the distribution of personal property of an intestate is governed by the law of the domicile of the intestate and the descent of real property by the law of its situs: *State v. McDonald,* 59 Or. 520 (117 P. 281). Our statute, therefore, governs the matter. We, therefore, hold that these defendants, although children of the same mother, are not, under our law, the heirs of the intestate and cannot inherit his estate.

Judgment affirmed.