Argued September 9, reversed and remanded December 23, 1976

SAM PAULSEN MASONRY CO.,
*Plaintiff—Respondent/Cross-Appellant,*

*v.*

HIGLEY, *Defendant,*
FAR WEST FEDERAL SAVINGS & LOAN
ASSOCIATION et al,
*Defendants—Appellants/Cross-Respondents.*

SAM PAULSEN MASONRY CO.,
*Plaintiff-Appellant,*

*v.*

HIGLEY, *Defendant,*
FAR WEST FEDERAL SAVINGS
& LOAN ASSOCIATION,
*Defendants-Respondents.*

557 P2d 676

*Barton C. Bobbitt,* of Bauer, Murphy, Fundingsland, Bobbitt & Heap, Portland, argued the cause and filed briefs for appellants/cross-respondents.

*Earl H. Mickelsen,* Portland, argued the cause and filed a brief for respondent/cross-appellant.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell, Bryson and Lent, Justices.

LENT, J. (Pro Tempore).

**LENT, J.** (Pro Tempore).

This is a consolidated appeal of three suits to foreclose liens for labor and materials expended by plaintiff on three properties, former ORS 87.005 to 87.075.[1] The properties, in the possession of defendant Higley when the improvements were contracted for, are now owned by defendant Far West Federal Savings and Loan Association (Far West). Far West appeals from two decrees providing that plaintiff is entitled to foreclosure for the reasonable value of plaintiff's labor. Plaintiff cross-appeals from the trial court's refusal to decree foreclosure for materials in the same cases and from the dismissal of its lien in a third case.

On August 2, 1973, Higley signed a promissory note for $26,800 to be paid in installments to Far West for a construction loan and executed and delivered to Far West trust deeds on three properties as security for the loan. Higley then entered into oral agreements with plaintiff to construct fireplaces in houses being built on the three properties. Plaintiff satisfactorily completed construction of the fireplaces by September 1973. Shortly thereafter, Higley's personal liability for the improvements was discharged as a result of bankruptcy proceedings and Far West took title to the properties after foreclosing on the trust deeds securing the construction loan.

The parties have stipulated that plaintiff filed liens in all three cases within 45 days after completion of construction, but in two cases did not file within 60 days after performance of its contractual obligations. Far West contends that plaintiff's failure to file liens within 60 days after completion of its contract as

---

[1] A revision of the former mechanic's and materialmen's lien law (ORS 87.005 to 87.075) was enacted in 1975. All statutory references are to the former law.

required of an "original contractor" under ORS 87.035 precludes foreclosure in those cases.[2] In pertinent part, ORS 87.035 provided:

> "Every original contractor, within 60 days after the completion of his contract, trustees of an employe benefit plan, within 60 days after contributions become due or completion of the construction, whichever shall first occur, and every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, except the original contractor, claiming the benefit of ORS 87.005 to 87.075, within 45 days after the completion of the construction, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, shall file for recording with the recording officer of the county in which the improvement, or some part thereof, is situated, a claim containing a true statement of his demand * * *."

It is well established that an "original contractor" as that term is used in ORS 87.035 is " '* * * one who furnishes labor or material and labor on a contract direct with the owner.' " *Lakeview Drilling Co. v. Stark et al,* 210 Or 306, 313, 310 P2d 627 (1957), and cases cited therein; *see also Maddox v. Balboa Raceways, Inc.,* 267 Or 321, 516 P2d 1293 (1973). The thrust of plaintiff's argument is that Higley is not the "owner" of the properties in question because he executed and delivered trust deeds on the properties to Far West as security for the money borrowed for construction purposes. Plaintiff contends that Higley's execution of the trust deeds rendered Higley the original contractor and accordingly made plaintiff a subcontractor.

The legal nature of a trust deed is defined by statute. ORS 86.705(3) provides:

> " 'Trust deed' means a deed executed in conformity with ORS 86.705 to 86.795, and conveying real property to a trustee in trust to secure the performance of an

---

[2]Neither party has briefed or argued whether Higley was a "general contractor" as we used that term in *Tri-City Bldg. Center v. Wagner,* 274 Or 581, 548 P2d 961 (1976). In light of that fact and the legislatures' 1975 revision of the lien laws, we shall not here consider whether the term "original contractor" in the former law was synonymous with "general contractor."

obligation owed by the grantor or other person named in the deed to a beneficiary."

The legislature has also provided that a trust deed is to be considered a mortgage on real property.

"A trust deed is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of ORS 86.705 to 86.795, in which event the provisions of ORS 86.705 to 86.795 shall control. For the purpose of applying the mortgage laws, the grantor in a trust deed is deemed the mortgagor and the beneficiary is deemed the mortgagee." ORS 86.715.

The provisions relating to trust deeds, ORS 86.705 to 86.795, do not provide that trust deeds are to be considered as distinct from mortgages with respect to liens of this nature. Thus, a trust deed is considered a mortgage on real property for the purposes of former ORS 87.035.

A mortgage of real property creates only a lien or encumbrance and does not abrogate the mortgagor's title to the property. *Smith v. Portland Fed. S. & L. Ass'n,* 207 Or 546, 296 P2d 481, 298 P2d 185 (1956); *Higgs v. McDuffie,* 81 Or 256, 157 P 794, 158 P 953 (1916); *see also* 59 CJS 23, Mortgages, § 1. Therefore, notwithstanding his security arrangement with Far West, Higley was the "owner" of the properties and plaintiff was an "original contractor" when they contracted for the improvements. *Lakeview Drilling Co. v. Stark et al, supra; see also Schram v. Manary,* 123 Or 354, 260 P 214, 262 P 263 (1927). Plaintiff's failure to file its claims within the time limitation imposed upon an "original contractor" under ORS 87.035 precludes it from prevailing here.

Finally, plaintiff's cross-appeal from the trial court's refusal to decree foreclosure for materials in the foregoing cases and from dismissal of its lien in a third case presupposes the validity of plaintiff's contention that Higley was not the owner of the properties

when the parties contracted for the improvements. We have rejected that contention.

Reversed and remanded for further proceedings consistent herewith.