In the Matter of the Estate of
Lloyd S. West, Deceased.

WEST et al,
*Respondents,*

*v.*

WHITE,
*Appellant.*

(50-86-04981; CA A42948)

758 P2d 424

Robert W. Hill, Eugene, argued the cause for appellant. With him on the briefs was Hill & Scultz, P.C., Eugene.

Donald A. Bick, Eugene, argued the cause for respondents. With him on the brief was Brad G. Garber, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The decedent executed his will in Oregon in 1980. He died in Massachusetts in 1985, a domiciliary of that state. Appellant filed a petition in Lane County for the probate of the decedent's will, and the trial court entered an order admitting the will to probate and appointing appellant as the personal representative. Pursuant to ORS 113.075, contestants objected to the probate of the will. On a motion for summary judgment, the court set aside its order admitting the will to probate and appointing appellant as the personal representative on the ground that there was no property in Oregon on which to base probate jurisdiction.

■■ The will of a nondomiciliary may be probated in Oregon if there is property in Oregon upon which probate may operate.[1] The only asset alleged to be located in Oregon is a promissory note secured by a trust deed covering real property located in Oregon. Appellant hinges her several arguments in support of her position that Oregon has jurisdiction on the proposition that the provisions of the Oregon Probate Code adopted in 1969 abolished the distinction between real and personal property. ORS 114.205.[2] That is significant with respect to intestate succession, ORS 114.215, and the administration of the estate during probate. ORS 114.275. It does not do away with the requirement that the court have subject matter jurisdiction, that is, that there be property in this state upon which probate may operate. *See* ORS 113.065(1), n 1, *supra.* Whether there is property in Oregon upon which probate will operate depends on the situs of the property; that determination, in turn, hinges on whether the property is real or personal.

■■ Here, the property to be probated is a debt owing to the decedent, evidenced by a promissory note. There is no dispute but that the note is personal property. As such, its

---

[1] ORS 113.065(1) provides, in part:

"The written will of a testator who died domiciled outside this state, which upon probate *may operate upon property in this state,* may be admitted to probate * * *." (Emphasis supplied.)

[2] ORS 114.205 provides:

"ORS chapters 111, 112, 113, 114, 115, 116 and 117 apply without distinction between real and personal property."

situs is that of the decedent, Massachussetts, and the law of the decedent's domicile controls its disposition in the absence of a will. *State v. Looney,* 149 Or 287, 40 P2d 735 (1935). That the note is secured by a trust deed covering real property in Oregon does not convert the promissory note to real property. Assignment of a note carries with it a security interest in real property, *Roth v. Troutdale Land Co.,* 83 Or 500, 162 P2d 1069 (1917), because the security is merely an incident to the debt. *U.S. Nat'l Bank v. Holton,* 99 Or 419, 428, 195 P 823 (1921); *Osborne on Mortgages* § 224 (1951 ed).

■    Even if the deed of trust were a subject of probate, the beneficiary's interest does not come within the definition of real property under the Probate Code. ORS 111.005(28) provides:

> " 'Real property' includes all legal and equitable interests in land, in fee and for life."

A trust deed is treated as a mortgage, unless the provisions of ORS 86.705 *et seq* require otherwise. *Sam Paulsen Masonry Co. v. Higley,* 276 Or 1071, 557 P2d 676 (1976). A beneficiary's interest under a trust deed is analogous to a mortgagee's interest under a mortgage. A mortgage conveys no legal or equitable interest in fee or for life to the mortgagee, but merely creates a lien which constitutes security for the debt and grants the mortgagee, upon the mortgagor's default, the right to have the property sold to satisfy the debt. *See* ORS 86.010; *Investors' Syndicate v. Smith,* 105 F2d 611 (9th Cir 1939); *Sam Paulsen Masonry Co. v. Higley, supra; Stout v. Van Zante,* 109 Or 430, 219 P 804, 220 P 414 (1923); *Schleef v. Purdy,* 107 Or 71, 214 P 137 (1923); *Ukase Inv. Co. v. Smith,* 92 Or 337, 181 P 7 (1919); *see also Smith v. Portland Sav. and Loan,* 207 Or 546, 296 P2d 481, 298 P2d 185 (1956); *McLennan v. Holbrook,* 143 Or 458, 23 P2d 137 (1933).

The same is true of a beneficiary's interest under a trust deed, which is merely a lien on the land as security for the payment of the debt. If the note is paid, the lien is extinguished. Although it is true that, if the note is not paid when due, a foreclosure or trustee's sale would have to take place in Oregon, the holder of the note could waive the security and sue the maker on the note any place where the maker could be found. The beneficiary acquires no more than a lien on the real property unless and until the grantor

defaults and the beneficiary purchases the property at the trustee's or foreclosure sale. Until that occurs, the beneficiary's interest does not come within the definition of ORS 111.005(28).

We conclude, therefore, that the promissory note, secured by a trust deed, has its situs in Massachusetts. Accordingly, probate of the decedent's will could not "operate upon property in this state," and the will may not be admitted to probate in Oregon.[3]

Affirmed.

---

[3] Because of our disposition, we do not address contestants' argument that, if the note secured by Oregon real property is subject to probate in Oregon, ORS 113.065 requires that the will first be probated in the jurisdiction of the decedent's domicile.