Argued and submitted November 1, the decisions of the Court of Appeals and trial court affirmed December 30, 1988

In the Matter of the Estate of
Lloyd S. West, Deceased.

## WEST et al,
*Respondents on Review,*

*v.*

## WHITE,
*Petitioner on Review.*

(CC 50-86-04981; CA A42948; SC S35528)

766 P2d 383

Robert W. Hill, Eugene, argued the cause and filed the petition for petitioner on review.

Donald A. Bick, Eugene, argued the cause for respondents on review.

PER CURIAM

## PER CURIAM

This case generally involves the conditions under which the last will and testament of a testator who was not domiciled in Oregon on the date of his death can be admitted to probate in this state.

Priscilla Crowell White filed a petition with the Circuit Court for Lane County requesting that the last will and testament of Lloyd S. West dated in 1980 and a codicil thereto be admitted to probate. The petition alleged that the testator, who was domiciled at Hingham, Massachusetts, died in that state leaving property located in Lane County, Oregon. The Circuit Court for Lane County admitted the will and codicil to probate and appointed White the testator's personal representative.

Within the time allowed by law, Christopher J. West and Jason E. Clark filed a will contest alleging that they were the beneficiaries under a last will and testament executed by the testator in 1977. They requested that the court set aside its previous order. Thereafter, the contestants filed a motion for summary judgment. They alleged: (1) The will of a testator who died domiciled outside of Oregon can only be admitted to probate in this state "by filing a certified copy of the will and a certified copy of the order admitting the will to probate * * * in the jurisdiction where the testator died domiciled," and (2) there is no record of any property in Oregon "upon which jurisdiction may be founded."

In response to the motion for summary judgment, White executed and filed an affidavit which in part stated: "One of the assets of said estate is a note due from a Lane County resident secured by a trust deed on real property located in Lane County, Oregon."

The Circuit Court for Lane County, without stating its grounds, allowed the contestants' motion for summary judgment and set aside its previous order admitting the 1980 will and codicil to probate.

The contestants in part rely upon ORS 113.065, which provides:

"(1) The written will of a testator who died domiciled outside this state, which upon probate may operate upon

property in this state, may be admitted to probate upon petition therefor, by filing a certified copy of the will and a certified copy of the order admitting the will to probate or evidencing its establishment in the jurisdiction where the testator died domiciled.

"(2)   A will offered for probate under this section may be contested for a cause which would be grounds for rejection of a will of a testator who died domiciled in this state."

The contestants claim that ORS 113.065 provides the exclusive manner in which a foreign will can be admitted to probate in Oregon. White responds that the statute is not exclusive and that a foreign will which has not been admitted to probate in the state of the testator's domicile may be admitted in Oregon.

The contestants' second contention is that there is no property in Oregon to probate. White counters by claiming that the promissory note secured by a trust deed on real property in Lane County is property located in Oregon and is therefore subject to probate in this state.

This court, like the Court of Appeals, concludes that the promissory note secured by the trust deed has its situs in Massachusetts, the domicile of the testator, and there is no property to probate in Oregon. *West v. White,* 92 Or App 401, 758 P2d 424 (1988). Therefore, we find it unnecessary to determine whether ORS 113.065 provides the exclusive method of admitting a foreign will to probate in Oregon. We affirm the decisions of the trial court and the Court of Appeals.

It is fundamental that there must be property located in Oregon before its probate courts will accept jurisdiction. Justice Lusk, writing for the court in *In re Noyes' Estate,* 182 Or 1, 8, 185 P2d 555 (1947), made this statement concerning former OCLA 18-701-2:

"If the testator left no assets in Oregon the court was without jurisdiction to admit the will to probate under this statute. Indeed, it is difficult to conceive of any purpose to be served by the appointment of an ancillary administrator in Oregon if there are no assets here to be administered. Counsel for the respondents say that they resorted to this proceeding in self-defense, but the statute does not include self-defense as a ground of jurisdiction. * * *"

2 Jaureguy and Love, Oregon Probate Law and Practice (1958), at page 26, states:

> "The very purpose of administering an estate is to gather the assets of decedent, pay the debts and then distribute the remaining assets to those entitled thereto. It follows from this that if decedent had no property within the state there is no reason for administering an estate—There is no estate to administer. * * *"

White agrees that there must be property in Oregon to invoke the jurisdiction of this state's courts. But she argues that the Oregon Probate Code adopted in 1969 abolished the distinction between real and personal property. It follows, she reasons, that the promissory note, being personal property in Oregon, gives this state's courts jurisdiction to probate the decedent's will.

We approve Judge Buttler's opinion in the Court of Appeals and adopt it as our own. He stated that abolishing the distinction between real and personal property is

> "significant with respect to intestate succession, ORS 114.215, and the administration of the estate during probate. ORS 114.275. It does not do away with the requirement * * * that there be property in this state upon which probate may operate. *See* ORS 113.065(1), * * * *supra.* Whether there is property in Oregon upon which probate will operate depends on the situs of the property; that determination, in turn, hinges on whether the property is real or personal.

> "Here, the property to be probated is a debt owing to the decedent, evidenced by a promissory note. There is no dispute but that the note is personal property. As such, its situs is that of the decedent, Massachusetts, and the law of the decedent's domicile controls its disposition in the absence of a will. *State v. Looney,* 149 Or 287, 40 P2d 735 (1935). That the note is secured by a trust deed covering real property in Oregon does not convert the promissory note to real property. Assignment of a note carries with it a security interest in real property, *Roth v. Troutdale Land Co.,* 83 Or 500, 162 P2d 1069 (1917), because the security is merely an incident to the debt. *U.S. Nat'l Bank v. Holton,* 99 Or 419, 428, 195 P 823 (1921); *Osborne on Mortgages* § 224 (1951 ed).

> "Even if the deed of trust were a subject of probate, the beneficiary's interest does not come within the definition of real property under the Probate Code. ORS 111.005(28) provides:

" 'Real property' includes all legal and equitable interests in land, in fee and for life. " 92 Or App at 403-04.

It is significant that the Oregon legislature, by adopting the 1969 Probate Code, provided for a streamlined procedure whereby an Oregon debtor may pay a debt to the foreign personal representative of a nonresident decedent. ORS 116.263 provides:

"(1) Three months or more after the death of a nonresident decedent, any person indebted to the estate of the nonresident decedent or having possession of personal property or an instrument evidencing a debt, obligation, stock or chose in action belonging to the estate of the nonresident decedent may make payment of the indebtedness, in whole or in part, or deliver the personal property or the instrument evidencing the debt, obligation, stock or chose in action to the foreign personal representative of the nonresident decedent, upon an affidavit made by or on behalf of the foreign personal representative stating:

"(a) The date of the death of the nonresident decedent;

"(b) That no local administration or application therefor is pending in this state; and

"(c) That the foreign personal representative is entitled to payment or delivery.

"(2) Payment or delivery made in good faith on the basis of the affidavit is a discharge of the debtor or person having possession of the personal property.

"(3) Payment or delivery may not be made under this section if a resident creditor of the nonresident decedent has notified the debtor of the nonresident decedent or the person having possession of the personal property belonging to the nonresident decedent that the debt should not be paid nor the property delivered to the foreign personal representative."

The decisions of the trial court and the Court of Appeals are affirmed.